**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01482-MSK-CBS

RANDALL RADER

       Plaintiff,

v.

ELECTRONIC PAYMENT SYSTEMS, LLC

       Defendant.

---

**PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

---

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is agreed by Randall Rader ("Plaintiff" or "Rader") and Electronic Payment Systems, LLC ("Defendant" or "EPS"), and ORDERED by the Court, that this Protective Order be entered to govern the handling of Confidential Material (as defined below) produced in this litigation by any party.

1. This Protective Order shall govern any designated record of information produced in this action, including documents, things, or other disclosures required by Court order, local rules, or the Federal Rules of Civil Procedure.

2. "Confidential Materials" shall include, but are not necessarily limited to: information or documents, including the contents of such document, (including copies, transcripts, videos, sound recordings and electronically stored information) that: (a) is a trade secret; (b) contains confidential and/or proprietary research, development, customer, commercial or financial information; or (c) is other information subject to a legally protected right of privacy under Rule 26(c) of the Federal Rules of Civil Procedure. The designation of Confidential Material shall be made by marking each page of the record of information containing Confidential Material with the legend "CONFIDENTIAL." A party producing Confidential Material that inadvertently fails to designate it at the time of production shall have 10 days from the date thereafter to designate the Confidential Material by so informing all other counsel in writing.

3. The foregoing Confidential Information shall not be used by or disclosed to any person other than Qualified Persons as defined below, and then only for the purposes of this litigation, except by written agreement of the party producing the document or by order of the Court without necessity of any further designation.

4. The term "Qualified Persons," as used herein, means:

    a. Any party to this litigation or employees or officers of such Party, provided that such employee or officer is

       assisting in this litigation, or actively engaged in connection with, or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities;

b.     The undersigned counsel for the parties and employees of such counsel whose access to Confidential Information is necessary for purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

c.     Third parties retained by a party to this litigation or by its counsel as bona fide consulting experts or expert witnesses, or the employees of any of them, for the purpose of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

d.     Employees of Qualified Persons involved, with respect to this case, solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data, or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, and employees of third-party contractors performing one or more of these functions; and

e.     A witness at a deposition, if counsel articulates a good faith reason to believe that the witness (1) has previously seen the document or (2) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as confidential.

f.     Any other person who is designated as a Qualified Person by written agreement of the parties, or by order of this Court after written notice to all parties to the litigation and opportunity to be heard.

5.   Regardless of any designation as "Confidential Information," any document may be disclosed and shown to any person who, as shown on the face of the document, is an author, addressee, or recipient of the document, including recipients of copies.  If a document shown to any person under the provisions of this Section 5 is designated "Confidential Information," that person may not retain the document or a copy of the document and shall be listed in accordance with the procedures set forth below.

6.   The "Confidential Information" designation shall be made at the time that answers to discovery are served; or at the time that tangible things, electronic data, or copies of documents are furnished to a party conducting such discovery.  Information disclosed at a deposition may be designated by any party as "Confidential Information" by indicating on the record at the deposition that the testimony is so designated and subject to the provisions of this Order.   Additionally, and alternatively, any party may so designate information disclosed at such deposition by notifying all counsel in writing, within 30 days of receipt of the transcript. of the specific pages and lines of the transcript that are deemed Confidential Information.  Each counsel and party, upon such designation, shall attach a copy of such written designation to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts and all information revealed therein

shall be treated as Confidential Information in accordance with this Order at the time the deposition is taken and for a period of 30 days after receipt of such transcript to allow time for each party to make its confidentiality designations, if any.

7.     Confidential Information may be disclosed to a prospective deponent or prospective trial witness, other than Qualified Persons, if (i) the prospective deponent or prospective trial witness has what counsel for a party believes is knowledge of relevant facts concerning the information set out in such Confidential Information, (ii) the attorney making such disclosure first delivers a copy of this Order to such person and advises the person that pursuant to this Order he or she may not divulge such confidential material to anyone other than his or her attorneys, (iii) with respect to each prospective trial witness and any prospective deponent whom counsel proposes to show Confidential Information in preparing for his actual deposition or trial, Counsel obtains the express written agreement of the person that he or she will abide by the terms of this Order, and (iv) counsel maintains a list of each such deponent and prospective trial witness in accordance with the procedures in Paragraph 8.  At the request of any party, attendance at depositions may be restricted to Qualified Persons and

the attorney(s) for the deponent during the disclosure of Confidential Information.

8.  Confidential Information shall not lose its "Confidential Information" character simply because they are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as "Confidential Information."

9.  Counsel for party that has disclosed Confidential Information to independent third parties retained or used as consulting experts, deponents, or prospective trial witnesses shall maintain a list of those persons to whom such disclosure has been made and of the Confidential Information that has been disclosed to each such person.  A party that has produced Confidential Information may obtain a copy of said list no earlier than 90 days after the conclusion of this litigation, unless ordered by the Court to be delivered on an earlier date.

10.  The inadvertent disclosure of Confidential Information that has not been so designated shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the specific information disclosed and designation of Confidential Information hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

11. If a non-party demands, by subpoena or other legal process, that any party which has received Confidential Information or counsel for such party produce such information, counsel for any such party shall promptly notify in writing counsel for the designating or producing party and make no disclosure until ordered to do so by a judicial or administrative body or directed in writing by counsel for the designating or producing party to do so.

12. Ninety days from the conclusion of this litigation, including any appeals, all documents (other than trial exhibits and attorney work product, such as briefs and memoranda) and deposition transcripts designated as Confidential Information and all photocopies or other copies thereof, as well as all Confidential Information derived in any way therefrom, including all summaries, whether in graphics, typed or handwritten form, and all notes taken by an expert or other person who has had access to such information (but excluding any attorney notes or work product), shall be returned to the party or parties who produced such information, or the parties may agree to destroy Confidential materials.  Where the parties agree to destroy Confidential materials, the destroying party shall provide all parties with an affidavit confirming the destruction.  The provisions of this Order shall continue to be effective after the conclusion of this litigation, including all

appeals. Notwithstanding the foregoing provisions of this section, for a period of two (2) years following the termination of this case including all appeals, counsel for each party may retain one copy of all such confidential materials in their file subject to the representation that the confidential materials will not be made available to anyone, including their client. Following the expiration of such two (2) year period, upon receipt of a written request from opposing counsel, such copy of confidential materials shall be returned or destroyed, as indicated in the written request.

13.     Any party (or party's attorney) designating any person as a Qualified Person or disclosing Confidential Information to a Qualified Person, shall obtain the agreement of such person to observe the terms of this Order, by having such person execute the Confidentiality Agreement form attached hereto.

14.     Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to urge or contest the alleged relevancy, admissibility, or discoverability of documents subject to this Order.

15.     Any of the parties to this lawsuit may, by written agreement or a motion filed with the Court, seek a modification of this Agreement and Order.

16. Any party may object to any information marked "CONFIDENTIAL" that such information is not entitled to be kept confidential by notifying the producing party in writing of the objection. If the producing party and objecting party cannot resolve their dispute on an informal basis within seven (7) days of receipt of such notice of objection, the parties shall submit the dispute to the Court for a ruling, pursuant to the directions of the Court regarding resolution of discovery disputes. If the Court rules that the information marked "CONFIDENTIAL" is not entitled to be kept confidential, that specific information will not be Confidential Material protected by this Protective Order. The producing party, who marked the information "CONFIDENTIAL" shall have the burden to prove that the information is entitled to be kept confidential. No material marked "CONFIDENTIAL" shall be disclosed in violation of this Protective Order pending the ruling of the Court.

17. This Protective Order is binding on all parties to this action (including any officer, director, employee, principal, agent, or representative of a party), their counsel, and their counsel's employees. Counsel for all parties agree to advise these people of the confidentiality requirements imposed by this Protective Order and to undertake responsibility for enforcing the Protective Order and to have such persons execute the attached

Confidentiality Agreement. All experts and consultants authorized by this Protective Order to have access to Confidential Material shall execute the attached Confidentiality Agreement before gaining access to the Confidential Material.

18. Confidential Material shall be subject to this Protective Order while this case is pending and after its termination. Confidential Material may be used or disclosed only in connection with this case and may only be used in compliance with the provisions of this Protective Order. Confidential Material shall not be used for any business or other purpose whatsoever.

19. Nothing in this Protective Order shall be deemed to limit or waive any right of any party to resist discovery with respect to Confidential Material it claims to be privileged, not properly subject to discovery, or otherwise protected. Neither shall anything in this Protective Order be deemed to preclude any party at any time from seeking and obtaining from the Court or from any other party additional protection, including an order or agreement that material shall not be produced at all or shall be for attorney eyes only.

20. Any document that contains confidential information or material may be lodged under seal. It is the obligation of the party seeking such protection to do so by motion pursuant to the provisions of D.C.Colo.LCivR 7.2.

21.     If Confidential Material is inadvertently disclosed to any person other than in the manner authorized by this Protective Order any party learning of the disclosure shall immediately inform the party that designated the information as Confidential Material of all pertinent facts relating to the disclosure.  Any party responsible for the disclosure shall make reasonable efforts to prevent disclosure by any unauthorized person who receives such information.  Each person who receives Confidential Material pursuant to this Protective Order agrees to subject himself/herself to the jurisdiction of this Court for any proceedings relating to the performance, compliance with, or violation of this Protective Order.

DATED at Denver, Colorado, this 28th day of October, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge Marcia S. Krieger

Case No. 1:11-cv-01482-MSK-CBS

RANDALL RADER

    Plaintiff,

v.

ELECTRONIC PAYMENT SYSTEMS, LLC

    Defendant.

_____

**CONFIDENTIALITY AGREEMENT**
_____

    I hereby certify my understanding that the material designated "CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION, entered _____, 2011 ("Protective Order") in the above-captioned action, that I have been given a copy of and have read that Protective Order, and that I am familiar with all of its terms and restrictions. I submit to the jurisdiction of this Court for enforcement thereof. I agree to use any CONFIDENTIAL information disclosed to me pursuant to that Protective Order solely for purposes of this litigation, and I further agree not to disclose any such material to any person, firm, or concern except as permitted under the Protective Order without the advance express written consent of the supplying party to this litigation or after further express Order of the Court. Furthermore, I understand that any unauthorized disclosure of information designated CONFIDENTIAL pursuant to the Protective Order may result in an award against me for damages, injunction, costs and reasonable attorney's fees, penalty and punishment for contempt of court, and other relief as the Court deems appropriate.

Dated: _____    Signed:
_____
                                          Printed                                  Name:
_____

**STATE OF** _____ )
                            ) **ss.**
**COUNTY OF** _____ )

    The foregoing instrument was acknowledged before me this ___ day of _____, 2011 by _____.

**WITNESS** my hand and official seal.
My commission expires:

_____
                                    Notary Public