IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RANDALL RADER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-01482-MSK-CBS |
| | ) |
| | ) |
| | ) Judge Marcia S. Krieger |
| ELECTRONIC PAYMENT SYSTEMS, LLC | ) |
| | ) Magistrate Craig B. Shaffer |
| Defendant, | ) |

**PLAINTIFF'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS'
AMENDED COUNTERCLAIMS**

Plaintiff, RANDALL RADER (Rader") by one of his attorneys, FUOCO LAW GROUP, LTD moves the District Court for an Order in accordance with Fed. R. Civ. P. 12(b)(2) dismissing the amended second Counterclaim for lacking personal jurisdiction, Fed. R. Civ. P. 12(b)(6) dismissing both amended Counterclaims asserted by defendant, ELECTRONIC PAYMENT SYSTEMS, LLC ("EPS") for the failure to state a claim on which relief can be granted or alternatively, in accordance with Rule 12(e) regarding the first Counterclaim for a more definite statement and in support thereof, states as follows:

**I FACTS**

EPS on February 17, 2012 filed its PARTIAL ANSWERS AND COUNTERCLAIMS IN REPONSE TO PLAINTIFF'S AMENDED COMPLAINT (ECF No. 43). The first counterclaim styled "Breach of Contract" included an alleged breach of "confidentiality" as a claim (ECF No. 43 ¶ 9 at 13). EPS pled as the general factual basis the parties' MARKETING AGREEMENT, Sections 9 and 10 with singular breach allegation of "rates defendant charges for its services." (ECF No. 43 ¶¶ 5 - 6 at 12 - 13).

1

The second counterclaim styled "Libel" did not pled a statement of the information posted on the website by Rader's undersigned counsel located in Highland Park, Illinois and on which the counterclaim is based (ECF No. 43 ¶¶ 13 - 19 at 13 - 14). EPS alleged personal jurisdiction for this counterclaim is based upon the Marketing Agreement forum selection clause (ECF No. 43 ¶¶ 3 - 4 at 12). No allegation is made about the physical location of ripoffreport.com or the type of website on which the posting had been made. (ECF No. 43 ¶¶ 13 - 19 at 13 - 14).

EPS admitted the information posted by the undersigned counsel "is accurate and simply references the pending lawsuit,…" (ECF No. 43 ¶ 17 at 14). EPS alleged the posted information about the pending lawsuit was a publication about a matter of private interest (ECF No. 43 ¶ 15 at 14).

Rader moved in accordance with Rule 12 to dismiss EPS' two Counterclaims (ECF No. 45 and 46). EPS elected to amend its Partial Answer and Counterclaims (ECF No. 47 and 48). Rader again moves in accordance with Rule 12 to dismiss EPS' amended Counterclaims because uncured deficiencies which remain in EPS' pleading or were newly created by EPS' amendment.

## II. ARGUMENT

### A. Amended First Counterclaim Failed to State Cause of Action for Alleged Breach of Contract

**1. Burden of Proof** - EPS is required to prove its breach of contract counterclaim by a preponderance of the evidence. *Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1189 - 1190 (Colo. 2001).

**2. Claim Elements** - (1) the existence of a contract, (2) performance by the [counter-]plaintiff or some justification for nonperformance, (3) failure to

perform the contract by the [counter-]defendant, and (4) resulting damages to the [counter-]plaintiff. *Western Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. App. 1992) (citations omitted)*.

      **3.**     **Elements Not Supported By Pleading** - (2) performance by the [counter-]plaintiff or some justification for nonperformance and (3) failure to perform the contract by the [counter-]defendant.

Regarding Element (2) of EPS' amended first Counterclaim, EPS' attempt at amendment still failed to plead that EPS fully performed the parties' Marketing Agreement contract, a glaring defect which Rader raised in his initial motion to dismiss (ECF No. 45 at 3). EPS needed allegation to avoid conclusory pleading that it provided specific EPS 90 materials and training by particular name or location to Rader so that he knew when selling EPS 90 that EPS had limited to only 5% the EPS 90 check guarantee to merchants (ECF No. 47 ¶¶ 21 - 33).

Regarding Element (3) of EPS' amended first Counterclaim, EPS also needed allegation of exactly when it terminated Rader's Marketing Agreement contract for time frame comparison to the allegations of Rader's non-performance with demands for payment and continued marketing and merchant support (ECF No. 47 ¶¶ 9, 14 - 20, 37 - 41).

    **B.**     **First Counterclaim Failed to State Cause of Action for Alleged Confidentiality Breach**

      **1. Burden of Proof** - EPS is required to prove its breach of contract counterclaim by a preponderance of the evidence. *Agritrack, Inc. v. DeJohn Housemoving, Inc., 25 P.3d 1187, 1189 - 1190 (Colo. 2001)*.

      **2.**     **Claim Elements** - (1) the existence of a contract, (2) performance

by the [counter-]plaintiff or some justification for nonperformance, (3) failure to perform the contract by the [counter-]defendant, and (4) resulting damages to the [counter-]plaintiff. *Western Distrib. Co. v. Diodosio, 841 P.2d 1053, 1058 (Colo. App. 1992) (citations omitted).*

      **3.**       **Elements Not Supported By Pleading** - (2) performance by the [counter-]plaintiff or some justification for nonperformance and (3) failure to perform the contract by the [counter-]defendant.

Regarding element (2) concerning EPS' own performance, EPS failed to plead facts alleging any step taken by EPS as business practices to reasonably maintain the confidentiality of this generic "fill in the blanks" form document. EPS also failed to pled facts alleging any step taken by EPS as a business practice to preserve the confidentiality of this form document after its dissemination by first seeking as well as subsequently enforcing its return.

Regarding element (3) Rader's alleged failure to perform, EPS further failed to plead facts to identify any express provision or paragraph of the parties' Marketing Agreement and/or Schedule A attachment which allegedly contains "…information related to the Processing Service…" for only which "confidential" is expressly reserved (ECF No. 18-1 ¶ 9 at 11 - 12) and in the context for which the "confidential" term is used in both CONFIDENTIAL INFORMATION paragraph 9 and TRADE SECRETS paragraph 10 (ECF No. 18-1 ¶ 10 at 12 - 13).

EPS' pleading referred only to "rates and other information" but did not allege where such "rates and other information" is purportedly located in the Marketing Agreement and precisely on what language EPS bases this counterclaim (ECF No. 47 ¶¶ 10 - 13). The first sentence of the Schedule A attachment expressly defines the document

as, "[t]he following is a statement **of compensation**." (ECF No. 18-1 at 20). How Rader's compensation would be calculated and paid by EPS is not "rates and other information" "…related to the Processing Service…" (ECF No. 18-1 at 11).

### C. No Personal Jurisdiction Exists for Amended Second Counterclaim

    **1.** **Burden of Proof** - EPS bears the burden to establish the proper exercise of personal jurisdiction over plaintiff. *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

    **2.** **Required Personal Jurisdiction Elements** - a two-fold inquiry first requiring a determination whether Rader and his undersigned counsel has such minimum contacts with Colorado 'that he should reasonably anticipate being haled into court there.' *Id (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980))*. Whether Rader and his undersigned counsel purposefully directed its activities at residents of Colorado and whether EPS' asserted libel claim arises out of or results from actions by Rader and his undersigned counsel themselves that create a substantial connection with Colorado are included within the first inquiry. *Id (quoting Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987))*.

If minimum contacts are found to exist, required then is the second determination whether the exercise of personal jurisdiction over Rader offends 'traditional notions of fair play and substantial justice.' *Id (quoting Asahi, 480 U.S. at 113)*. This inquiry asks the question whether the exercise of personal jurisdiction over Rader with minimum contacts is 'reasonable' in light of the circumstances surrounding the case. *Id*.

    **3.** **Elements Not Supported By Pleading** - both prongs of above

5

the personal jurisdictional inquiry. EPS erroneously relied solely upon alleged Marketing Agreement Colorado law and Colorado courts selection clause which is limited by its express language to only questions arising in connection to this Agreement "and all suits hereunder or in respect thereto by either party…" (ECF No. 18-1 ¶ 18(b) at 17). The website posting at issue is wholly independent of the Agreement and does not raise any question covered by it.

EPS did not plead any allegation of activity by Rader and his undersigned counsel specifically directed at Colorado residents. EPS did not plead the physical location of the ripoffreport.com entity or the type of website this is (passive or interactive) nor whether its accessibility is limited or unrestricted. EPS also did not plead the physical location of Rader's undersigned counsel when making the website posting at issue or sending an e-mail to third party witness, Lisa Johnson of Petland located in Chillicothe, Ohio. Each allegation is required for any attempt by EPS to meet its burden to show minimum contacts.

**D. Amended Second Counterclaim Failed to State Cause of Action for Libel**

**1. Burden of Proof** - Regarding a private person involved in matters of public or general concern, a plaintiff must show the statement was made with a high degree of indifference to its truth or falsity. *Diversified Mgmt. v. Denver Post, 653 P.2d 1103, 1109 (Colo. 1982).*

**2. Defamation Claim Elements** - 1) a defamatory statement concerning another; 2) published to a third party; 3) with fault amounting to at least negligence on the part of the publisher; and 4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by publication. *TMJ Implants, Inc. v. Aetna, Inc., 498 F.3d 1175, 1183 (10th Cir.*

2007) (citing *Williams v. District Court*, 866 P.2d 908, 911 n.4 (Colo. 1993)).

      c.    **Elements Not Supported By Pleading** - 1) a defamatory statement concerning another; 2) published to a third party; and 3) with fault amounting to at least negligence on the part of the publisher. Regarding element 1) EPS did not allege the website posting statement content at issue but conceded this statement is not even defamatory. The statement in question can be viewed at http://www.ripoffreport.com/credit-card-processing-ach-companies/eps-electronic-payme/eps-electronic-payment-systems-ee3c5.htm. The banner header is "EPS Electronic Payment Systems EPS90 /Current Agents or Potential Agents beware/ John Dorsey will not pay your residuals/ Englewood, Colorado". The posted statement at issue is ending Consumer Comment #17 and #18. The preceding postings show the issue covered in the postings to be a matter of public or general concern. *See Diversified Management v. Denver Post*, 653 P.2d 1103, 1108 (Colo. 1982).

      Regarding element 2) the website posting should not be deemed a publication because the statement simply giving case and court venue information is already a published matter of public record. Regarding element 3) EPS failed to allege the requisite level of fault, whether recklessness or negligence.

      Moreover the alleged email to Lisa Johnson, a third party case witness deposed March 22, 2012 (ECF No. 47 ¶¶ 49 - 52) failed to state a cause of action because such alleged email communication with a case witness by Rader's counsel is protected by absolute privilege as directly connected to a judicial proceeding. *Club Valencia Homeowners Assoc. v. Valencia Associates*, 712 P.2d 1024, 1027 - 28 (Colo. Ct. App. 1985) (cited as support in *Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1313 (D. Colo. 1998).

7

## III. CONCLUSION

Rader has shown good cause with the foregoing arguments to be entitled to the dismissal relief sought from each of the amended Counterclaims pled.

Respectfully submitted,

/s/ Steven C. Fuoco
**Steven C. Fuoco**
Fuoco Law Group, Ltd.
1055 Golf Avenue
Highland Park, IL 60035
Phone: 847/432-LAWS (5297)
Fax: 847/681-9596
E-mail: fuocolawgroup@gmail.com
Counsel for Randall Rader